# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NILDA SANTOS-TILLER

    Plaintiff,

v.                                              Case No. 16-10342

KRISPY KREME DOUGHNUT CORPORATION

    Defendant.

                                              /

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

      Plaintiff Nilda Santos-Tiller brought this action in state court against Defendant Krispy Kreme Doughnut Corporation on July 6, 2015, seeking damages "in excess of $25,000" for personal injuries incurred on Defendant's property. (Dkt. # 1, Pg. ID 8-9.) Defendant removed the action on February 1, 2016, citing an email message sent by Plaintiff containing a settlement demand for $117,500. (Dkt. # 1, Pg. ID 1, 32, 34.) Pending before the court is Plaintiff's Motion to Remand on the grounds that Defendant untimely removed the action more than thirty days after service of the initial pleadings. (Dkt. # 5, Pg. ID 41.) Defendant filed a response on February 24, 2016, arguing that it was not apparent that the amount in controversy exceeded the jurisdictional minimum until after the initial pleadings had been filed (*Id.*; Dkt. # 6, Pg. ID 55.) The matter is fully briefed, and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's Motion.

## I. BACKGROUND

      Plaintiff Nilda Santos is a citizen of Michigan. (Dkt. # 1, Pg. ID 8.) Defendant Krispy Kreme is incorporated in North Carolina; North Carolina is also Krispy Kreme's

principal place of business.  (Dkt. # 1, Pg. ID 2.)  The parties concede that complete diversity of citizenship exists between them.  Plaintiff brought the instant action in Wayne County Circuit Court on July 6, 2015, alleging that she suffered serious and permanent personal injuries after slipping on a "clear liquid substance" in Defendant's place of business in Southfield, Michigan.  (Dkt. # 1, Pg. ID 8-9.)  The Complaint states that "[t]he amount in controversy is within the jurisdiction of this [Wayne County Circuit] Court because Plaintiff claims damages in excess of $25,000."  (Dkt. # 1, Pg. ID 9.)  On August 6, 2015, Defendant filed its answer and entered a demand for trial by jury.  (*Id.* at Pg. ID 14.)

Defendant alleges that on or about December 11, 2015, Defendant asked Plaintiff to send documentation of all damages and also requested Plaintiff to submit a settlement demand.  (Dkt. # 6, Pg. ID 61.)  On January 19, 2016, Defendant received an email from Plaintiff with the following message: "In view of the medical expenses that are in excess of $27,000, demand for settlement is in the amount of $117,500."  (Dkt. # 1, Pg. ID 33.)  Three weeks later, Defendant removed to this court pursuant to 28 U.S.C. § 1332, citing the parties' complete diversity of citizenship and attaching a copy of the email containing Plaintiff's settlement demand.  (Dkt. # 1, Pg. ID 1, 33.)  Plaintiff filed this Motion to Remand on February 11, 2016.  (Dkt. # 5, Pg. ID 41.)

## II. STANDARD

Parties to a civil action brought in state court may remove the action to federal court, provided that the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  The federal court has original diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens

of different states." 28 U.S.C. § 1332(a)(1). The removing party has the burden to "demonstrat[e] by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.* 621 F.3d 554, 559 (6th Cir. 2010).

The removing defendant must file a notice of removal within 30 days after receipt of the initial pleading or within 30 days of a service of summons, "whichever period is shorter." 28 U.S.C. § 1446(b)(1). If, however, it becomes apparent that an action is removable to federal court after the initial pleadings have been filed, a party may file a notice of removal "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A defendant removing an action on the basis of diversity of citizenship must present "facts or other reasons" to support the allegation that the amount in controversy exceeds $75,000. E.D. Mich. LR 81.1(c). Alternatively, the defendant must state that no such facts are available. *Id.*

"In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). The removing defendant need only demonstrate that the amount in controversy exceeds $75,000 "by a preponderance of the evidence." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) (citing 28 U.S.C. 1446(c)(2)(B)). The defendant may be required to submit evidence in support of removal "when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds $75,000. *Id.* at 554; *see also Amen v. City of Dearborn*, 532 F.2d 554, 560 (6th Cir.1976). Considering that "lack of jurisdiction would

3

make any decree in the case void . . . the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

### III. DISCUSSION

Plaintiff first argues that removal was untimely because Defendant did not file a notice of removal within thirty days after service of the initial pleadings. However, Plaintiff sought damages "in excess of $25,000" in her Complaint, an estimate well below the $75,000 jurisdictional minimum required for removal to this court on the basis of diversity of citizenship.

It is well established that the amount in controversy required for diversity jurisdiction "calls for strict construction," with due consideration for the "[t]he power reserved to the states . . . to provide for the determination of controversies in their courts." *Healy v. Ratta*, 292 U.S. 263 (1934). Accordingly, this court has held that absent additional allegations indicating a high-dollar dispute, a complaint alleging damages "in an amount exceeding $25,000 . . . does not establish the amount in controversy requirement by a preponderance of the evidence." *Lupo Chiropractic Life Ctr. P.C. v. State Farm Mut. Auto. Ins. Co.*, No. 09-12615, 2010 WL 135191 (E.D. Mich. Jan. 8, 2010) (Murphy, J.) (citing *Everett*, 460 F.3d at 822); *see also Leys v. Lowe's Home Ctr., Inc.*, 601 F. Supp. 2d 908 (W.D. Mich. 2009) (finding an allegation of damages in excess of $25,000 "fatal to diversity removal jurisdiction"). Here, although complete diversity of citizenship always existed between the parties, the action was not removable on the basis of diversity of citizenship at the time of the initial pleadings. The Complaint as originally pleaded did not establish by a preponderance of evidence that

4

the amount in controversy exceeded $75,000. It was thus impossible for Defendant to remove the action within thirty days after service of the initial summons and Complaint.

Plaintiff also argues that removal was improper because Plaintiff's settlement demand does not constitute a "paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. § 1446(b)(3). (Dkt. # 5, Pg. ID 50.) Plaintiff argues that she has not filed an additional pleading or motion since July 6, 2015, so no "amended pleading, motion, or other paper" could have increased the amount in controversy after that date. (*Id.*) She thereby dismisses Defendant's "attemp[t] to introduce an email correspondence" to establish the amount in controversy required for diversity jurisdiction. (*Id.*)

Evidence of a settlement demand is inadmissible to establish the validity of a claim or liability under Federal Rule of Evidence 408. Despite this rule, several circuits have held that a settlement demand "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)); *see also Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (admitting evidence of a settlement demand despite FRE 408 on the grounds that the amount in controversy is "a question independent of the claim's merit"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (looking to plaintiff's $45,000 settlement offer to support remand). Here, Plaintiff's $117,500 settlement demand is a clear indication that she values her claim above $75,000. "[D]ocuments that demonstrate plaintiff's own estimation of its claim," like Plaintiff's statement

demand, are "proper means of supporting the allegations in the notice of removal" filed by Defendant. *McPhail*, 529 F.3d at 956.

Plaintiff finally seems to suggest, without supporting authority, that an email does not constitute a "paper" from which the amount in controversy may be ascertained under 28 U.S.C. § 1446(b)(3) after initial pleadings have been filed. Defendant correctly refutes this suggestion, noting that this court recently found an email to be "adequate" for this purpose. *Inovision Software Sols., Inc. v. Sponseller Grp., Inc.*, 2015 WL 3932542 at *5 (E.D. Mich., June 26, 2015) (Cleland, J.) (finding removal timely when "Defendant first ascertained that the claim was removable from [an] email that Plaintiff sent to Defendant").

This action was not removable on the basis of diversity of citizenship at the time of the initial pleadings. It was not apparent that Defendant could remove the action until Plaintiff communicated her settlement demand to Defendant in an email sent on January 19, 2016. Defendant timely removed the action within thirty days after receipt of the email under 28 U.S.C. § 1446(b)(3). This court accordingly holds that removal was timely and proper. Plaintiff's Motion to Remand is denied.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff''s Motion to Remand to State Court [Dkt. # 5, Pg. ID 41] is DENIED.

                                  s/Robert H. Cleland  
                                  ROBERT H. CLELAND  
                                  UNITED STATES DISTRICT JUDGE

Dated: August 24, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 24, 2016, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522